JONES, JUDGE:
The claimants, J. E. Lovejoy and Edith Lovejoy, are the owners of property fronting one hundred feet on Campbell’s Creek Road near Malden in Kanawha County, with improvements consisting of two small frame cottage houses. The lot is steep, running up the *164 hillside for twenty-five to thirty feet from the road to a level bench where the buildings are located, and thence up another steep slope through a wooded area. The notice of claim alleges that in the year 1973 the respondent, Department of Highways, encroached upon and damaged the claimant’s property by digging a deep ditch outside the State’s right of way and along the toe of the slope of their land. The claimant, J. E. Lovejoy, testified that he tried to stop the respondent’s employees, but they continued their digging operation and threatened to have him arrested if he interfered. According to the claimants, as a result of the weakening of the slope by the removal of earth by the respondent’s workmen, a slide occurred about a month later and portions of the claimants’ front yard slid into the ditch and out into the road. The respondent’s employees promptly removed the slide from the road and cleaned out the ditch. It is the claimants’ contention that the slide was the direct result of the respondent’s digging a deep ditch on their property and that as a consequence thereof the front porch pulled loose from the main house, the cribbing theretofore constructed by the claimants in front of their residence moved down the hill, and the front walk and steps and certain trees were damaged. The parties produced qualified appraisers who testified regarding the value of the property before and after the slide occurred, the claimants’ witness placing the damages at $3,400.00 and the State’s witness at $2,500.00.
George P. Sovick, for many years a maintenance engineer for the respondent, testified that the claimants’ residence was built on a gob pile left by a coal mining operation in the 1920’s, and that the area upon which the damaged house was built was very unstable. He further testified that the road was built about 1927 or 1928 and that it had never received anything more than normal maintenance by the respondent. The claimants bought the property about 1946 and built their house the following year. At some time the claimants constructed the wood cribbing in front of the house, apparently to stabilize the area, and Mr. Sovick’s testimony indicates that the movement of the house was precipitated by the deterioration and giving-away of the cribbing and the natural settling of the unstable ground.
A plat introduced in evidence by the respondent shows a thirty-foot right of way with the ditch entirely within its boundaries. A sixteen-inch stump thirteen and one-half feet from the centerline of the road and outside the ditchline appears significant in view of the claimant’s contention that the ditch was *165 dug approximately six feet deep and into the slope on their property. Another exhibit offered by the respondent and admitted in evidence was a letter written by an attorney representing the claimants under date of December 10, 1972, directed to the respondent and advising in part that “when the State grades along the road and cleans out the ditch in front of his property that the high bank is continually crumbling away and that this has caused a slip near his front porch and Mr. Lovejoy is very concerned about and tells me that if this condition continues to exist his house will slide over the embankment”.
It is well known that in West Virginia homes are built on hills along all of our roads and highways, frequently with the hillside extending down to the ditchline and, as in this case, allowing for limited shoulders from the edge of the hard surface of the road to the toe of the slope. Along all but our most sophisticated highways, there are ordinary ditches which, for the protection of the roads and for the benefit of the area residents and the travelling public in general periodically must be cleared of the dirt, rock and debris that in the normal course of things moves down the slopes and clogs the drains. During the year before the slide complained of, the claimants through their attorney, protested the respondent’s actions in cleaning the subject ditch with a grader, averring that if such maintenance continued, the claimant’s house would slide over the embankment.
The evidence in this case was conflicting, confusing and in many important details imcomplete, and as a result a clear understanding of the issues has been difficult. A slide did occur and over a period of years there has been a deterioration and settling of the earth supporting the claimants’ residence. However, upon consideration of the whole, the Court has concluded that the claimants have not proved by a preponderance of the evidence that there was such misconduct on the part of the respondent that any of its acts could be considered the direct proximate cause of injury to the claimants.
Accordingly, this claim is disallowed.
Claim disallowed.